UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID TSUI, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-02208 WBS DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff,[1] a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint (ECF No. 1) is before the court for screening. Also before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), emergency motion regarding "violation of confidentiality" with a request for sanctions (ECF No. 6), and motion for a stay and abeyance with leave to amend (ECF No. 7). For the reasons set forth, the motion to proceed in forma pauperis will be denied as moot and the emergency motion regarding violation of confidentiality will also be denied. The undersigned will recommend the motion for a stay and abeyance be denied and this action be dismissed for failure to exhaust administrative remedies without prejudice to plaintiff's re-filing of a new and separate civil action after she has fully complied with the exhaustion mandate of 42 U.S.C. § 1997e(a).

---

[1] Plaintiff identifies herself as a transgender female. The undersigned will use the pronouns "she" and "hers" to identify plaintiff.

1

## I. In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, because the undersigned is recommending this action be dismissed for failing to exhaust administrative remedies, the motion to proceed in forma pauperis will be denied as moot.

## II. Screening Requirement

### A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to state a claim upon which relief may be granted, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the well-pleaded allegations and construes them in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**B. Allegations in the Complaint**

The events giving rise to the complaint occurred at Mule Creek State Prison. (ECF No. 1 at 1.) Plaintiff identifies the following three defendants: (1) Correctional Officer David Tsui; (2) Correctional Officer James Brown; and (3) Warden Brian Holmes. (Id. at 2.)

Plaintiff alleges she has been discriminated against based on her gay/transgender female status. (ECF No. 1 at 3.) She has not been provided with adequate medical care necessitated by her transgender needs. (Id. at 7.) In addition, she has been subjected to discriminatory comments by multiple officers including Tsui and Brown, who have made transphobic and hostile comments in plaintiff's presence on multiple occasions. (Id. at 3, 7.) In one instance, on June 18, 2021, plaintiff was taunted by Tsui and Brown while being strip-searched. (Id. at 4.)

After the strip-search on June 18, 2021, plaintiff was taken to administrative segregation and held under poor conditions including a lack of sanitary water, no exercise, prolonged idleness, and deprivation of human conduct, among others. (ECF No. 1 at 7.) When plaintiff returned to her cell, she discovered her property was missing. (Id.)

At an unspecified time shortly before plaintiff's property went missing, either Tsui and/or Brown threatened plaintiff that she must not decline to be "bribed" or else the officer would "make sure my Porters destroy your shit for good." (ECF No 1 at 6.) Plaintiff filed a grievance. (Id.) Plaintiff alleges Tsui and Brown "liquidated" her property in response to this grievance. (Id.) Also after plaintiff filed a grievance, Tsui issued plaintiff a rules violation report which plaintiff concludes was "retaliatory" in nature. (Id. at 6.)

Witnesses told plaintiff Tsui and Brown gave her property away to their favored porters. (ECF No. 1 at 6.) Although plaintiff filed a grievance, the property had not been returned at the time of filing the complaint. (Id. at 5.) Plaintiff seeks a declaratory judgment that her rights were violated and monetary damages. (Id. at 8.)

**C. Motion for Stay and Abeyance with Leave to Amend**

Subsequent to filing the complaint, plaintiff filed a motion for a stay and abeyance to complete exhaustion of administrative remedies. (ECF No. 7.) Plaintiff states she made an error in assuming administrative remedies were complete and is attempting to cure this error through the

3

motion for a stay. (Id. at 1.) Plaintiff mistakenly interpreted a grievance response as "final" but subsequently realized the administrative grievance procedure was "not complete" and that this constitutes a failure to exhaust administrative remedies. (Id. at 2.) An investigation into plaintiff's grievance is ongoing. (Id.) Plaintiff requests a stay and abeyance to permit completion of exhaustion of administrative remedies and leave to file an amended complaint. (Id. at 2-3.)

**D. Exhaustion of Administrative Remedies**

Generally, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). District courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust available administrative remedies before bringing an action in federal Court. See Ross v. Blake, 578 U.S. 632, 640 (2016) (rejecting a "special circumstance" exception to the rule of exhaustion). Exhaustion is required whether or not the relief sought in the complaint is available administratively. Booth v. Churner, 532 U.S. 731, 741 (2001) (requiring exhaustion where inmate sought monetary relief even though such relief was not available through the administrative process).

"Proper exhaustion demands compliance with an agency's... critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Such rules are defined "by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.)

A CDCR inmate may appeal any "adverse policy, decision, action, condition, or omission by the Department" within 30 days of discovery. Cal. Code Regs. tit. 15, § 3482. As of June 1, 2020, administrative remedies available to CDCR inmates for violation of their constitutional rights consist of a grievance to the local or regional Institutional Office of Grievances and an appeal to the Office of Appeals. Cal. Code Regs. tit. 15, §§ 3483, 3485.

Pertinent here, exhausting administrative remedies while a suit is pending does not satisfy the exhaustion requirement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Under the PLRA, inmates must exhaust administrative remedies before filing suit. McKinney, 311 F.3d at 1199 ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

The exhaustion question in PLRA cases should be decided as early as feasible. See Jones, 549 U.S. at 213. A plaintiff is not required to specially plead or demonstrate the facts necessary to prove exhaustion. Id. at 216. However, where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). In addition, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2001) (overruled on other grounds by Albino, 747 F.3d at 1166).[2]

In this instance, plaintiff's request for a stay and abeyance with leave to amend makes clear she has not exhausted administrative remedies and is still in the process of exhausting administrative remedies. (ECF No. 7 at 1-3.) Plaintiff does not assert an exception to exhaustion, but rather seeks to complete exhaustion. A stay and abeyance with subsequent leave to amend would not be properly granted on this ground. See 42 U.S.C. § 1997e(a) (requiring exhaustion prior to filing suit); McKinney, 311 F.3d at 1199 (rejecting inmate's claim that the district court should have entered a stay to provide an opportunity for exhaustion, and holding, instead, that dismissal was required).

This court is bound by the United States Supreme Court and Ninth Circuit authority requiring exhaustion prior to the filing of a prisoner civil rights case. Accordingly, the motion for a stay and abeyance with leave to amend should be denied and this action should be dismissed

---

[2] In Wyatt, the Ninth Circuit held a defendant should raise failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), by an unenumerated rule motion under Rule 12(b) of the Federal Rules of Civil Procedure. 315 F.3d at 1119. Subsequently, the Ninth Circuit overruled Wyatt to hold the proper framework for a defendant to challenge exhaustion is "under… the existing rules" rather than through an unenumerated rule motion. Albino, 747 F.3d at 1166.

without prejudice to re-filing after exhaustion is complete. See McKinney, 311 F.3d at 1200-01 (if a prisoner has not exhausted available administrative remedies before filing his federal suit, the court must dismiss the action without prejudice); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's sua sponte dismissal of prisoner's complaint for failure to exhaust administrative remedies).

**III. Emergency Motion regarding "Violation of Confidentiality" and for Sanctions**

Plaintiff has filed a motion styled as "Violation of Confidentiality to Possibly Permit Retaliation Emergency Motion, and Request for Sanctions. (ECF No. 6.) In the motion, plaintiff alleges counselor Roderick, who is not named as a defendant in this action, improperly retained and refused to give plaintiff her E-File motion for one week. (Id. at 1, 3.) Plaintiff further complains the law librarian improperly gave the E-File motion to Roderick. (Id.) Plaintiff concludes these individuals were acting in a "conspiracy to possibly give the defendants a heads up so they can further retaliate against plaintiff for this reason a federal investigation and sanctions are warranted." (Id. at 1-2.)

The court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). Sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).

Here, plaintiff does not complain of conduct of any opposing parties or their attorneys, whom plaintiff recognizes are not yet involved in this suit. The motion does not state a basis for sanctions and the court does not have the means or authority to initiate a federal investigation as plaintiff requests. Thus, the motion will be denied.

**IV. Conclusion**

For the reasons set forth, plaintiff's motion for a stay and abeyance should be denied and this action should be dismissed without prejudice to the re-filing of a new and separate civil action after plaintiff has fully complied with the exhaustion mandate of 42 U.S.C. § 1997e(a).

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.
2. Plaintiff's motion regarding violation of confidentiality and requesting sanctions (ECF No. 6) is denied.

In addition, IT IS HEREBY RECOMMENDED:

1. Plaintiff's motion for a stay and abeyance with leave to amend (ECF No. 7) be denied.
2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with the findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 20, 2022

DLB7
rodr2208.screenfr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE